FILED
BILLINGS DIV.

2010 DEC 9 AM 9 44

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BY _____
DEPUTY CLERK

BUTTE DIVISION

| | |
|---|---|
| BEAU R. BRADLEY, dba BRADLEY LIVESTOCK LC, WOOD'S THREE CREEKS RANCHES, LTD and CHARLES G. WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD T. SCHAFER, in his official capacity as Secretary of the United States Department of Agriculture, the UNITED STATES DEPARTMENT OF AGRICULTURE, ABIGAIL R. KIMBELL, in her official capacity as Chief of the United States Forest Service, the UNITED STATES FOREST SERVICE, and BRUCE RAMSEY, in his official capacity as Forest Supervisor of the Beaverhead-Deerlodge National Forest,<br><br>Defendants. | CV-08-85-BU-RFC-JCL<br><br><br><br><br><br><br><br><br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>U.S. MAGISTRATE JUDGE |

United States Magistrate Judge Jeremiah C. Lynch has entered Findings and

Recommendations (*Doc. 25*) on the Parties cross-motions for summary judgment.

1

Magistrate Judge Lynch recommends the Government's motion be granted because Plaintiffs' claims are barred by the Quiet Title Act's 12-year statute of limitations.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed a voluminous document purportedly containing objections (*Doc. 26*), but which is merely a restatement of their summary judgment briefs. Objections to a magistrate's Findings and Recommendations, however, are not a vehicle for the losing party to relitigate its case. *See Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992). This is why Rule 72(b)(2) Fed.R.Civ.P. requires an objecting party to file "specific written objections" and Rule 72(b)(3) only requires the district judge to review decisions of the magistrate judge that have been "properly objected to." Congress created the position of magistrate judge assist district judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas v. Arn,* 474 U.S. 140, 153, (1985) (internal quotations omitted). Since there is no net efficiency in referring the matter to a magistrate judge if this court must still review the entire matter de novo because the objecting party merely repeats the arguments rejected by the

2

magistrate, this Court follows other courts that have overruled general objections without analysis. *See Sullivan v. Schiro*, 2006 WL 1516005, *1 (D.Ariz.2006)(collecting cases).

That said, the absence of a proper objection does not relieve the Court of its duty to review de novo Magistrate Judge Lynch's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir.1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir.1996).

Here, Magistrate Lynch correctly noted that the Quiet Title Act has a 12-year statute of limitation and that Quiet Title Actions "shall be deemed to have accrued on the date the plaintiff or his predecessor-in-interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). With respect to easements, a quiet title action accrues only when the plaintiff or his predecessors-in-interest knew or should have known the government claimed the exclusive right to deny their historic access. *McFarland v. Norton*, 425 F.3d 724, 727 (9th Cir. 2005). As he did in *Dunbar* and *Abrahamsen*[1], Magistrate Judge Lynch correctly held that language in the 1973 special use permit notifying Plaintiffs that they

---

[1] *Thomas Dunbar v. United States of America*, CV-02-191-M-DWM-JCL, *Doc. 80* (F&R Dated Jan. 22, 2009), *Doc. 85* (Order dated Mar. 20, 2009 adopting F&R); *United States v. Abrahamsen*, CV-03-14-M-DWM-JCL, *Doc. 258* (F&R dated Feb. 12, 2007), *Doc. 266* (Order dated Apr. 4, 2007 adopting F&R).

must remove their improvements upon cancellation of the special use permit put them on notice that the United States claimed an interest in the land adverse to their claimed easement.

Finally, Magistrate Judge Lynch is also correct that the United States did not abandon its claim of exclusive control by not enforcing the termination provision when the last special use permit expired at the end of 2006. *See Shultz v. Department of Army,* 886 F.2d 1157, 1161 (9th Cir.1989) (if the government abandons a claim to property, and then later reasserts such a claim, the statute of limitations for a quiet title action is restarted). At the time the special use permit expired, the Forest Service was reviewing Plaintiffs claim of an easement, which it subsequently denied. Upon denial of the easement, Plaintiffs were advised they needed to pursue a new special use permit or a Ditch Bill easement. Under these facts, Magistrate Judge Lynch correctly concluded that that the United States did not abandon its interest in the land.

Accordingly, Magistrate Judge Lynch's Findings and Recommendation, being well-grounded in law and fact, are adopted in their entirety. **IT IS HEREBY ORDERED** that the United States's motion for summary judgment (*Doc. 20*) is **GRANTED** and Plaintiffs' motion for summary judgment (*Doc. 12*) is **DENIED**.

4

The Clerk of Court is directed to enter judgment, by separate document, and close this case.

Dated this ___ day of December, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE